**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kris Daniel Lebsock,<br><br>                Plaintiff<br><br>v.<br><br>General Motors, et al.,<br><br>                Defendants | Case No.: 2:22-cv-01082-JAD-EJY<br><br>**Order Extending Service Deadline to 12/28/22 and Extending Plaintiff's Deadline to Respond to GM's Motion to Dismiss to 12/7/22**<br><br>ECF Nos. 10, 11, 12 |

Plaintiff Kris Daniel Lebsock sues General Motors, Chevrolet, and two employees of the companies, alleging that they used Lebsock's ideas or designs in the C8 Corvette without compensation or acknowledgment.[1] Lebsock had the Clerk of Court issue a single summons listing all four defendants, and the summons return reflects that service was effectuated only on General Motors,[2] so the Clerk of Court issued a notice of intent to dismiss the claims against the other defendants under Federal Rule of Civil Procedure 4(m).[3] Lebsock responds that he believed that service was accepted on behalf of all defendants with that singular summons, that the process server confirmed that understanding, and that the Clerk of Court had validated the singular-summons approach.[4] Lebsock alternatively asks that the court extend the time for proper service if it has not yet been achieved.[5]

---

[1] ECF No. 4.

[2] ECF No. 6.

[3] ECF No. 10.

[4] ECF No. 12.

[5] *Id.* at 2.

When several defendants are listed on a single summons, a separate copy of that joint summons must be served on each defendant (so, if there are four defendants, four separate summons-plus-complaint packages must be served), and a proof-of-service form must be completed and filed for each defendant separately.[6] Service must be made under the terms of FRCP 4 on each defendant. The rules for how service is effectuated differ for corporations and individuals.[7]

Here, the proof-of-service form reflects service only of the summons for General Motors on General Motors's registered agent; it does not reflect that service was accepted for any other defendant, and Lebsock has not shown that service on the other defendants *could* be lawfully made on or accepted by General Motors's registered agent.[8] So, on this record, it appears that General Motors is the only defendant that has been served. As Lebsock has made a showing of good cause for an extension of time, however, I grant the request under FRCP 4(m) to extend the deadline for service and permit Lebsock to take all steps required to do timely do so. He is cautioned that, as a pro se plaintiff, he alone is responsible for ensuring that service is properly effectuated; the Clerk of Court may not provide legal advice, and legal advice given by process servers cannot cure defective service.

IT IS THEREFORE ORDERED that plaintiff's **deadline to serve** Defendants Chevrolet, Mary Barr, and Tadge Juechter is **extended under FRCP 4(m) to December 28, 2022.**

---

[6] *See, e.g.*, Fed. R. Civ. P. 4(b) ("A **summons**—or a copy of a **summons** that is addressed to multiple defendants—**must be issued** for **each defendant** to be served.").

[7] *Compare* FRCP 4(e) (serving individuals) *with* FRCP 4(h) (serving corporations).

[8] ECF No. 6.

And with good cause appearing and no opposition, IT IS FURTHER ORDERED that Lebsock's motion to extend the deadline to respond to General Motors's motion to dismiss **[ECF No. 11] is GRANTED**; **Lebsock has until December 7, 2022, to file any response to the motion to dismiss** [ECF No. 8].

_____
U.S. District Judge Jennifer A. Dorsey
November 28, 2022