**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kris Daniel Lebsock, | Case No.: 2:22-cv-01082-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Motions for Default Judgment, Granting Motions to Dismiss with Leave to Amend, and Resolving Remaining Requests** |
| General Motors, et al., | |
| Defendants | [ECF Nos. 8, 18, 20, 27, 33, 35, 37] |

Pro se plaintiff Kris Lebsock sues General Motors (GM), its CEO Marry Barra, its chief engineer Tadge Juechter, and its Chevrolet division for using his designs and ideas in GM's line of Corvette sports cars "without compensation or recognition" for him.[1] The defendants move to dismiss, primarily arguing that the factual allegations in Lebsock's amended complaint are too thin to state any claims against them.[2] For his part, Lebsock moves for default judgment against all defendants and asks the court to stay this case because the stress of it is impacting his health.

I deny Lebsock's default-judgment motions because the defendants are not in legal default, and I grant the defendants' motions to dismiss because Lebsock hasn't included enough facts in his amended complaint to state any plausible claim for relief against them. But that dismissal is entered without prejudice and with leave to amend by March 7, 2023, because I am not yet convinced that Lebsock cannot plead a plausible claim. Finally, I deny the request to stay this case because a party's stress of litigating claims that he alone elects to pursue does not merit such relief.

---

[1] ECF No. 4 at 4.

[2] ECF Nos. 8, 18.

**Discussion**

**I.     Default judgment is not available because the clerk has not entered a default and the defendants are actively defending against Lebsock's claims.**

Lebsock moves for default judgment against the defendants, alleging that they all failed to respond to his summons.[3] Although he acknowledges that they've filed motions to dismiss, he takes issue with the fact that they "responded to the Court through their attorneys, but failed to respond to [him], the Plaintiff."[4] He feels that the service rules are constitutionally imbalanced and that, because he was required to use a process server to start this case against the defendants, they should "have to use a process server to answer [his] complaint."[5] And since none of the defendants responded to the summons directly to him, "Judgement by Default must be entered."[6]

There are numerous flaws in Lebsock's analysis, at least two of which require this court to deny his motion as a matter of law. The first is that Lebsock has skipped a required step for garnering default judgment. As the Ninth Circuit Court of Appeals explained in *Eitel v. McCool*, Rule 55 of the Federal Rules of Civil Procedure (FRCP)—which authorizes the court to enter judgment by default—requires a "two-step process" consisting of first asking the clerk of court to enter default against the non-answering defendant and second, after the clerk has entered *default*, filing a motion asking the judge to enter default judgment.[7] Because no *default* against these defendants has been requested or entered, the court cannot grant a *default judgment*.

---

[3] ECF Nos. 20, 27.

[4] ECF No. 20 at 2.

[5] ECF No. 27 at 3.

[6] *Id*.

[7] *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559

But even if Lebsock had first asked the clerk of court to enter default, that motion would have been denied because the defendants aren't in default under the rule. FRCP 55(a) states that the clerk must enter default when a defendant "has failed to plead or otherwise defend."[8] These defendants are actively defending.[9] The Federal Rules of Civil Procedure gave them the option of either filing an answer (pleading) or moving to dismiss the claims against them (otherwise defending), and they chose to file motions to dismiss.[10] As a result, FRCP 55 does not authorize this court to enter default against these defendants.

If I weren't denying these motions because default has not been entered and likely can't be, I would have to directly address the issue of whether Barra and Juechter (which I collectively refer to as "the individual defendants") and Chevrolet have been served with process in the manner required by this court's rules. In a November 18, 2022, order, I pointed out that, "on this record, it appears that General Motors is the only defendant that has been served" because Lebsock had just a single summons served on all four defendants, and the proof-of-service form reflects service of that single summons only on GM's registered agent.[11] That form does not reflect that GM's resident agent accepted service for any other defendant—or that it lawfully

---

F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

[8] Fed. R. Civ. P. 55(a).

[9] This is not exactly true of Chevrolet, which has not itself moved to dismiss this suit. Counsel for the defendants points out in a footnote in the individual defendants' motion to dismiss that Chevrolet is merely a division of GM and not subject to suit on its own. *See* ECF No. 18 at 1, n.2. Regardless, the fact that entry of default (step one) has not been entered nor sought, and the court is dismissing all claims with leave to amend, prevents the court from entering a default judgment against Chevrolet for its failure to answer or move to dismiss.

[10] *See* ECF Nos. 8, 18; *see also Gong v. Westlend Financing, Inc.*, 859 F. App'x 830, 831 (9th Cir. 2021) (plaintiff is not entitled to entry of default against a defendant that files a motion to dismiss in response "in lieu of an answer").

[11] ECF No. 13 at 2.


could do so.[12]  So I gave Lebsock until December 29, 2022, to "permit Lebsock to take all steps required to timely" serve any unserved defendants.[13]  Whether he has done so in a manner that satisfies the Federal Rules of Civil Procedure is an open question that I have not yet needed to answer, mainly because all motions to date have been resolvable on other points and no defendant has filed a motion to dismiss for want of proper service.  And though I don't need to answer this question to resolve the now-pending motions, I do note that it remains unresolved.[14]

## II. Due process does not require the court to extend a pro se plaintiff's deadlines.

Lebsock also moves to extend time for his reply in support of his default-judgment motion against GM.[15]  He requests an additional 30 days to respond, arguing that "it would be a violation of due process rights to not allow more time for a pro se litigant."[16]  This notion is misguided.  A plaintiff's pro se status does not entitle him to rule exceptions as a matter of course or allow him to abuse the litigation process.  "Pro se litigants must follow the same rules of procedure that govern other litigants,"[17] and "one acting pro se has no license to harass others, clog the judicial machinery, . . . and abuse already overloaded court dockets."[18]  Good cause must be shown for any extension of time, and Lebsock has not established that good cause

---

[12] *Id.*

[13] *Id.*

[14] This is true of Lebsock's due-process challenge to the service rules, too, which I disregard without prejudice to his ability to make such an argument in response to any defendant's timely FRCP 4(m) dismissal motion, should Lebsock amend his complaint.

[15] ECF No. 33.

[16] *Id.* at 1.

[17] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

[18] *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 315 (5th Cir. 2020) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)).

supports extra time for his reply. And because Lebsock is mistaken about the availability of a default judgment on this record, a reply would not change the necessary outcome of this motion. So I deny the motion.

**III.     The allegations in the complaint are insufficient to state a plausible claim, so the claims are dismissed under FRCP 12(b)(6) with leave to amend by March 7, 2023.**

   **A.     A plaintiff must plead enough true facts to establish all elements of a legal cause of action.**

Federal pleading standards require a plaintiff to include in his complaint enough factual detail to "state a claim to relief that is plausible on its face."[19] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[20] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[21] A complaint that fails to meet this standard must be dismissed.[22]

Of course, federal courts must also interpret all pleadings "so as to do justice,"[23] and the Supreme Court has consistently held that pro se pleadings like Lebsock's are "to be liberally construed."[24] So a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of

---

[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[21] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[22] *Twombly*, 550 U.S. at 570.

[23] Fed. R. Civ. P. 8(e).

[24] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[their] claim [that] would entitle [them] to relief."[25] If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[26]

**B.  Lebsock does not plead enough factual detail to state a claim for relief.**

Barra and Juechter—and GM separately—move to dismiss Lebsock's complaint, arguing that he fails to allege sufficient facts to support any claim for relief against any defendant.[27] Lebsock did not file a response to Barra and Juechter's motion, and the deadline to do so has long-since passed. Under this district's Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."[28] I apply this rule and grant Barra and Juechter's unopposed motion to dismiss.[29] Even if I hadn't applied this rule, I would have granted the motion on its merits because the factual allegations here are too thin to show why or how these GM employees are personally liable to Lebsock under any legal theory.

The individual defendants also contend in their motion that Chevrolet—listed in Lebsock's complaint as a defendant—is merely a division of GM, not a separate entity capable of being sued.[30] So, if Lebsock chooses to file an amended complaint and still seeks to sue

---

[25] *Id.* (cleaned up).

[26] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[27] ECF No. 8 at 3–4; ECF No. 18 at 5.

[28] Local Rule (L.R.) 7-2(d).

[29] Barra and Juechter also argue that this court lacks personal jurisdiction over them because Lebsock has not alleged any facts establishing jurisdiction. ECF No. 18 at 6–9. Because I grant their motion based on failure to state a claim, I need not, so do not, reach this personal-jurisdiction argument, which Barra and Juechter may raise again in response to any future amended complaint.

[30] ECF No. 34 at 2, n.1.

Chevrolet, he must allege facts in his amended complaint that show that Chevrolet is an entity subject to suit under the law.

Lebsock's allegations also fall short of stating a claim for relief against GM. His statement of claim consists of just two sentences that allege that the defendants "use[d] [his] designs/ideas in their products without compensation or recognition" and "were aware of [his] designs, 1-11484714311, before the production of said products, specifically in this case Corvettes, manufactured and sold by General Motors and Chevrolet up to this point as 2020, 2021, and 2022 models."[31] Although Lebsock does not specify in his amended complaint what legal theories (like copyright or patent infringement, for example) his claims are founded upon, this court finds a clue in his allegation that the basis for this court's jurisdiction is a federal question under 28 U.S.C. § 1338, which confers original jurisdiction upon district courts for civil actions relating to patents, plant-variety protection, copyrights, and trademarks.[32] I thus liberally construe his allegations as claims for copyright or design-patent infringement.

A plaintiff raising a copyright-infringement claim "must show" at a minimum "that (1) he or she owns the copyright in the infringed work, and (2) the defendant copied protected elements of the copyrighted work."[33] To succeed on a design-patent-infringement claim, the plaintiff must allege facts demonstrating "overall similarity of designs" and that "the accused device . . . appropriate[d] the novelty in the patented device which distinguishes it from the prior art."[34] Lebsock offers no facts in his amended complaint other than a bare allegation that the defendants

---

[31] ECF No. 4 at 4.

[32] *Id.* at 3.

[33] *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018) (citing *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004)).

[34] *Lund Indus., Inc. v. GO Indus., Inc.*, 938 F.2d 1273 (Fed. Cir. 1991).

7

used his "designs/ideas."[35] He does not allege that he owns a copyright or design patent or explain how GM used protected elements from his intellectual property in the design of its cars. While Lebsock includes some sort of identification number in his complaint,[36] he does not explain what this number refers to or how GM had awareness of his designs. And with no comparison between his designs and those that GM allegedly copied, there is no factual basis upon which the court can infer copyright or design-patent infringement liability. So I grant GM's motion to dismiss under FRCP 12(b)(6) because Lebsock has not provided the factual details necessary to state any claim for which this court could grant relief.

But because I am not yet convinced that Lebsock can plead *no set of facts* that would entitle him to relief, I give him permission (aka "leave") to file an amended complaint. To be clear, I do not grant Lebsock leave to amend in any way that he sees fit. I grant him leave to amend his complaint to assert only a copyright or design-patent claim—or both if he can allege sufficient facts that he has a copyright *and* design patent. Lebsock may not assert new claims or add new defendants. I note that Lebsock states in a recent "notice" that he has the future intention to add "slander and defamation charges in this case."[37] He does not have permission to do so at this time. If Lebsock wishes to add any claims beyond those detailed in this paragraph, he must file a proper motion for leave to amend, explaining why he should be permitted to add these claims. He should also consult Local Rule 15-1 if he is contemplating this relief.

If Lebsock chooses to file another amended complaint, he is advised that an amended complaint replaces his existing amended complaint, so the new complaint must be complete in

---

[35] ECF No. 4 at 4.
[36] *Id.*
[37] ECF No. 36 at 3.

itself without reference to a prior version.[38] He must allege true facts sufficient to show what the defendants did to violate his intellectual-property rights. If Lebsock chooses to file an amended complaint, he must do so by March 7, 2023. If he does not file an amended complaint by this deadline, the court will assume that he has concluded that he is unable to state a plausible claim or has otherwise decided to abandon this case, and the case will be dismissed with prejudice and closed without further prior notice.

## IV. A stay of litigation is not merited.

Lebsock also moves to stay this case, asking the court to excuse him from "deadlines and court rulings" because the stress of this litigation is impacting his health.[39] District courts have inherent power to control their dockets.[40] "The power to stay proceedings is incidental to" this power, and courts considering motions to stay must weigh "competing interests and maintain an even balance."[41] To succeed, the moving party "must make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay for which he prays will" prejudice the nonmoving party.[42]

Lebsock does not make out a clear case of hardship or inequity to merit a stay of this case that he commenced. He alleges that he is experiencing unspecified symptoms that "are getting worse now" because of stress he is experiencing while "trying to meet the deadlines to respond

---

[38] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[39] ECF No. 35 at 2.

[40] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[41] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[42] *Id.*

to GM's court filings."[43] He supports this statement with a letter from his cardiologist, advising him "to avoid high stress situations which could exacerbate his symptoms."[44] But Lebsock does not explain what condition he has or why meeting court deadlines in a lawsuit that he filed constitutes a high-stress situation. He has thus failed to establish a case for hardship.

Moreover, Lebsock alone opted to initiate this lawsuit, and there are many obligations and responsibilities that naturally come with the choice to prosecute a civil lawsuit. Although I am sympathetic to the difficulties that a pro se plaintiff encounters when attempting to navigate the civil-litigation process in federal court, thousands upon thousands of non-lawyers undertake to do so. And that status and the stress that comes along with it do not constitute good cause, prejudice, or a hardship justifying a stay. If Lebsock desires to pursue his claims, he must proceed according to the rules of this court. But as a one-time accommodation and in light of the present concerns he raises in the motion to stay, I will extend the typical 10-day deadline for amendment and allow him 30 days to file a newly amended complaint, should he choose to do so. This accommodation, however, should not be construed as a sign that the court will routinely excuse this plaintiff from making his litigation-related deadlines—it won't.

**V.      Lebsock has not shown that the court should sanction defense counsel.**

I next consider Lebsock's motion to have defendants' counsel removed from this case, fined, and prevented from practicing in Nevada.[45] Local Rule 7-2(a) requires that all motions "must be supported by a memorandum of points and authorities."[46] The point of this rule is to

---

[43] ECF No. 35 at 2.
[44] *Id.* at 3.
[45] ECF No. 37.
[46] L.R. 7-2(a).

make sure that a party seeking relief demonstrates that the court has the power to grant it under the applicable law.

In this motion, Lebsock airs grievances about allegedly misleading documents filed by the defendants' law firm and a supposed lack of cooperation "in the [d]iscovery or [d]eposition process."[47] But he cites no authority for the proposition that sanctions against opposing counsel are warranted or even available. So I deny his motion for failure to satisfy Local Rule 7-2(a).

**VI.    The parties must communicate with the court only through proper motions.**

Finally, I address a growing problem with the docket in this case. Lebsock has also filed a "notice to the court about misleading documents," which was docketed as a reply in support of his motion for default judgment against Barra and Juechter.[48] It contains a 19-point list of things that he believes the defendants and the court have done wrong and attaches email correspondence with the defendants' counsel. It concludes, "I will not stop until I receive justice. More to come when I have time."[49]

Lebsock is advised that the court will not respond to such "notices." The court will take action only in response to a properly supported motion that seeks relief that established law will allow the court to grant. Such a motion must clearly articulate what relief the plaintiff wants the court to grant and what law allows the court to grant it.[50] Instructions for filing proper motions are available in this court's self-help portal at https://www.nvd.uscourts.gov/self-help-portal/my-case-is-still-proceeding/.

---

[47] ECF No. 37 at 1.
[48] ECF No. 36.
[49] *Id*. at 3.
[50] *See* L.R. 7-2.

I also advise Lebsock that this court cannot and will not "contact [him] to try to work through" procedural issues.[51] The judge will communicate in this case only through public filings on this docket, served on all parties, or in open court with all parties present, unless a specific court rule authorizes otherwise. And the clerk of court is not authorized to give legal advice.

**Conclusion**

IT IS THEREFORE ORDERED that Lebsock's motions for default judgment **[ECF Nos. 20, 27] are DENIED**.

IT IS FURTHER ORDERED that Lebsock's motion to extend time **[ECF No. 33]**, motion to stay the case **[ECF No. 35]**, and motion to remove defendants' attorneys **[ECF No. 37] are DENIED.**

IT IS FURTHER ORDERED that the motions to dismiss **[ECF Nos. 8, 18] are GRANTED**. Lebsock's complaint is **DISMISSED** under FRCP 12(b)(6) for failure to state a claim. This dismissal is **without prejudice and with leave** to file a second-amended complaint that complies with this court's instructions **by March 7, 2023.** If Lebsock does not file a second amended complaint by March 7, 2023, this case will be dismissed with prejudice and closed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
February 7, 2023

---

[51] *Id.* at 2.