UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kris Daniel Lebsock,<br><br>  Plaintiff<br><br>v.<br><br>General Motors, et al.,<br><br>  Defendants | Case No.: 2:22-cv-01082-JAD-EJY<br><br>**Order Striking Second-Amended Complaint, Denying Defendants' Motions to Dismiss and for Attorneys' Fees, and Denying Plaintiffs' Motion to Reconsider**<br><br>[ECF Nos. 42, 43, 44, 46] |

Pro se plaintiff Kris Lebsock sues General Motors (GM), its CEO Marry Barra, its chief engineer Tadge Juechter, and its Chevrolet division for using his designs and ideas in GM's line of Corvette sports cars "without compensation or recognition" for him.[1] Last month I granted the defendants' motion to dismiss Lebsock's complaint, finding that he failed to state any claims for relief, and I gave him leave to file an amended complaint by March 9, 2023.[2] Lebsock requested more time, citing a medical condition and noting that he was not finished with his amendments, but that he would file "what [he] ha[d]" by the initial deadline.[3] On March 8, 2023, I extended his second-amended-complaint deadline to June 7, 2023, and warned him not to file a complaint if it didn't include "all of the facts and causes of action that he wishes to pursue against the defendants, consistent with this court's prior order."[4] That order didn't hit the docket until early morning on March 9th.

---

[1] ECF No. 4 at 4.
[2] ECF No. 39.
[3] ECF No. 40 at 2.
[4] ECF No. 41.

On March 9, Lebsock filed a barebones complaint against GM only, seemingly unaware of my order filed on the docket earlier that morning.[5] GM moves to dismiss and for attorneys' fees based on the allegations in that complaint and Lebsock's conduct throughout this litigation.[6] Lebsock responded to that motion, stating that the court "can disregard the [c]omplaint filed on [March 9, 2023,] since [he] was given a few more months to file an [a]mended [c]omplaint."[7]

Because it appears that Lebsock was unaware of my order granting him an extension of time to file his second-amended complaint when he filed "what he had" on March 9, 2023, and asks the court to disregard that filing, I strike that complaint from the docket and reinstate Lebsock's June 7, 2023, deadline to file his second-amended complaint. I again remind Lebsock that his new complaint must be complete in itself and include all of the facts and causes of action that he wishes to pursue against the defendants, consistent with this court's prior order. And because I strike his amended complaint, I also deny GM's motions to dismiss and for attorneys' fees without prejudice to its ability to refile them in response to Lebsock's impending second-amended complaint.

Lebsock also seeks reconsideration of my order denying his request to indefinitely stay his case.[8] A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction.[9] A motion to reconsider must set forth "some valid reason why the court should

---

[5] ECF No. 43.

[6] ECF No. 44; ECF No. 46.

[7] ECF No. 48.

[8] ECF No. 42.

[9] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); L.R. 59-1.

reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[10] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[11] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[12] And a motion for reconsideration may not be based on arguments or evidence that could have been raised previously.[13]

I have already addressed some of Lebsock's arguments to reconsider my order denying his request for a stay.[14] In that order I found that Lebsock does not "identify a condition that would completely prohibit him from complying with the rules and procedures for prosecuting this action," but I granted him a 90-day extension of his deadline to file an amended complaint "due to his representations about his medical condition."[15] Lebsock's new reconsideration request does not provide any newly discovered evidence or legal argument demonstrating that either of my prior decisions declining to stay this case were clearly erroneous or manifestly unjust. He instead accuses this court, the defendants, and their attorneys of causing him so much stress in this case that it is making his symptoms worse.[16] He contends that "[b]ringing this case

---

[10] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[11] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[12] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[13] *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[14] ECF No. 41.

[15] *Id.* at 2.

[16] ECF No. 42 at 1. Lebsock accuses me of "forcing [him] to talk publicly about private medical information." *Id.* at 2. If Lebsock desires to file documents that contain private information, he may file them under seal by including a cover sheet with the word SEALED in large print attached to the document, and including "SEALED" in the title of the document. But he must accompany any sealed filing with a motion for leave to maintain that seal, as explained by Local

should actually be fun," but that my failure to "reprimand" the defendants' attorneys or "show proper concern for [his] health" are causing "undue stress."[17]  While I appreciate Lebsock's aspirational belief that litigation should be "fun," it is often more stressful than it is enjoyable. And the stress that Lebsock complains of unfortunately comes with the territory of pursuing claims in federal court and adhering to the strict rules and procedures that all litigants must grapple with.  I am sympathetic to Lebsock's condition and that it may be exacerbated by the stresses of litigation, and because of that, I have granted him a far greater-than-average amount of time to amend his complaint.  That is the appropriate avenue to accommodate his requests at this stage, so I deny his motion for reconsideration of my order declining to stay this case.

### Conclusion

IT IS THEREFORE ORDERED that Lebsock's second-amended complaint **[ECF No. 43] is STRICKEN**.  Lebsock must file a second-amended complaint that complies with this court's previous instructions **by June 7, 2023**.  If Lebsock does not file a second-amended complaint by June 7, 2023, this case will be dismissed with prejudice and closed without further prior notice.

IT IS FURTHER ORDERED that General Motors's motions to dismiss and for attorneys' fees **[ECF Nos. 44, 46] are DENIED** without prejudice to the ability to refile in response to Lebsock's second-amended complaint.

---

Rule IA 10-5.  The motion must provide legal authority and argument explaining why the document should remain sealed under *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

[17] ECF No. 42 at 2.

IT IS FURTHER ORDERED that Lebsock's motion for reconsideration **[ECF No. 42] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
March 31, 2023