UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kris Lebsock<br><br>Plaintiff<br>v.<br><br>General Motors, et al.<br><br>Defendants | Case No.: 2:22-cv-01082-JAD-EJY<br><br>**Order Granting Defendants' Motion to Dismiss, Denying Defendants' Motion for Attorneys' Fees, and Closing Case**<br><br>[ECF Nos. 54, 55] |

Pro se plaintiff Kris Lebsock sues General Motors (GM), its CEO Mary Barra, its chief engineer Tadge Juechter, and its Chevrolet division for using his designs and ideas in GM's line of C8 mid-engine Corvette cars "without compensation or recognition."[1] I previously construed Lebsock's claims as ones for copyright infringement and design-patent infringement, dismissed his complaint for failure to state a claim for relief, and gave him an opportunity to amend to include additional facts to support his allegations.[2] Lebsock filed a second-amended complaint, but the content is largely the same as his original, deficient pleading. The defendants move to dismiss Lebsock's new complaint, arguing that he still hasn't stated a claim and that the court lacks personal jurisdiction over Barra and Juechter.[3] They also seek attorneys' fees under 28 U.S.C. § 1927, contending that Lebsock has needlessly and vexatiously prolonged this proceeding with frivolous filings.[4]

---

[1] ECF No. 53 at 4 (second-amended complaint).
[2] ECF No. 39.
[3] ECF No. 54.
[4] ECF No. 55. The defendants' motion to dismiss and motion for attorneys' fees are identical.

I grant the defendants' motion to dismiss because this court lacks personal jurisdiction over the individual defendants and Lebsock has again failed to state a claim against GM or Chevrolet. And because Lebsock has demonstrated that he is unwilling to supply additional facts to support his claims, I find that giving him further leave to amend would be futile and I dismiss his complaint with prejudice. I also deny the defendants' motion for attorneys' fees because it does not comply with Local Rule 54-14.

## Discussion

**A.     This court lacks personal jurisdiction over Barra and Juechter.**

*1.     Personal-jurisdiction standard*

The Fourteenth Amendment limits a forum state's power "to bind a nonresident defendant to a judgment of its courts,"[5] and Federal Rule of Civil Procedure 12(b)(2) authorizes a court to dismiss a complaint for lack of personal jurisdiction. To determine its jurisdictional reach, a federal court must apply the law of the state in which it sits.[6] Because Nevada's long-arm statute reaches the constitutional zenith,[7] the question is whether jurisdiction "comports with the limits imposed by federal due process."[8] A court may only exercise jurisdiction over a nonresident defendant with sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[9]

---

[5] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

[6] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).

[7] Nev. Rev. Stat. § 14.065.

[8] *Walden*, 571 U.S. at 283 (quoting *Daimler AG*, 571 U.S. at 125).

[9] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The law recognizes two categories of personal jurisdiction. The least common of these categories is "general jurisdiction," which exists when the defendant has "continuous and systematic" contacts with the forum state—contacts so pervasive that they "approximate" the defendant's "physical presence" in the forum state.[10] General jurisdiction typically only exists for defendants who live in, have their primary place of business in, or consistently do business in the forum. General jurisdiction focuses on the connection between the defendant and the state—essentially asking whether that connection is so great it's like the defendant is "at home" in the state: can this defendant be sued *generally* for anything here?

The more commonly occurring variety of personal jurisdiction is "specific jurisdiction," which "focuses on the relationship among the defendant, the forum, *and the litigation*."[11] "The plaintiff cannot be the only link between the defendant and the forum,"[12] and "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum [s]tate" either.[13] The three-prong test to determine whether the court may exercise specific jurisdiction over an out-of-state defendant is: (1) the defendant "must have performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business" in the forum state; (2) the plaintiff's claims "must arise out of or result from [those] forum-related activities; and (3)

---

[10] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[11] *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984)) (cleaned up).

[12] *Id.* at 285 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

[13] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

the exercise of jurisdiction must be reasonable."[14] "The plaintiff bears the burden of satisfying the first two prongs of the test."[15]

### 2. *Lebsock doesn't meet his burden to show that the court has personal jurisdiction over Barra or Juechter.*

Lebsock's second-amended complaint does not include jurisdictional information for Barra or Juechter. It merely lists their addresses as the GM headquarters in Detroit, Michigan.[16] Lebsock does not attempt to show that either individual defendant has any contacts with the state of Nevada, let alone "continuous and systematic" ones. Nor does he argue or present evidence to show that Barra or Juechter purposefully availed themselves of any benefits of this forum, or that the conduct he complains of had any ties to Nevada. And in his response, he doesn't address the defendants' personal-jurisdiction arguments at all.[17] So, because Lebsock has not satisfied his burden to show that this court has personal jurisdiction over Barra and Juechter, I dismiss the claims against them for lack of jurisdiction.

**B.  Lebsock's complaint fails to state a claim against the remaining defendants.**

### 1. *Standard for dismissal for failure to state a claim*

Federal pleading standards require a plaintiff to include in his complaint enough factual detail to "state a claim to relief that is plausible on its face."[18] This "demands more than an

---

[14] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

[15] *Schwarzenegger*, 374 F.3d at 802.

[16] ECF No. 53 at 2.

[17] Lebsock's failure to oppose the defendants' arguments in their motion to dismiss also constitutes consent to granting the motion under Local Rule 7-2(d), but I grant the motion to dismiss on its merits.

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

unadorned, the-defendant-unlawfully-harmed-me accusation";[19] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[20]  A complaint that fails to meet this standard must be dismissed.[21]

Of course, federal courts must also interpret all pleadings "so as to do justice,"[22] and the Supreme Court has consistently held that pro se pleadings like Lebsock's are "to be liberally construed."[23]  So a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim [that] would entitle [them] to relief."[24]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[25]

### 2. *Lebsock does not allege sufficient facts to state a copyright-infringement claim against GM or Chevrolet.*

Lebsock alleges that the defendants "use[d] [his] designs/ideas in their products without compensation or recognition" and that they "were aware of [his] designs . . . before the design

---

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[21] *Twombly*, 550 U.S. at 570.

[22] Fed. R. Civ. P. 8(e).

[23] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[24] *Id.* (cleaned up).

[25] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

5

and production of . . . C8 Corvettes."[26] He alleges that he copyrighted "some of the designs" and includes what appears to be a copyright registration number.[27] Lebsock further explains that he "posted some of [his] designs to convince Corvette fans who traditionally like the engine in the front of the car[] that Chevrolet should make a mid-engine Corvette."[28] He wanted Chevrolet to make a mid-engine Corvette, so he "communicated to the manufacturers . . . that they could use [his] designs if [he] was fairly compensated for them."[29] Chevrolet eventually did produce a mid-engine Corvette, and Lebsock alleges that Chevrolet "incorporated some of his designs" and Mary Barra "used [his] words to promote [GM] cars."[30]

While Lebsock doesn't specifically label it as such, I construe his claim to be one for copyright infringement.[31] A plaintiff raising a copyright-infringement claim "must show" at a minimum "that (1) he or she owns the copyright in the infringed work, and (2) the defendant copied protected elements of the copyrighted work."[32] "To allege actionable copying, [a plaintiff is] required to plead facts plausibly showing either (1) that the two works in question are

---

[26] ECF No. 53 at 4.

[27] *Id.*

[28] *Id.* at 6.

[29] *Id.*

[30] *Id.*

[31] In my prior order dismissing Lebsock's complaint, I construed his claims as alleging both copyright infringement and design-patent infringement. With the new addition of a copyright registration number in his second-amended complaint, it appears that Lebsock intends to assert only a copyright claim. But even if I construed his complaint to allege a design-patent-infringement claim, I would dismiss that claim for the same reasons I dismissed it in my prior order. ECF No. 39 at 7–8. Lebsock has still failed to "allege facts demonstrating 'overall similarity of designs' and that 'the accused device . . . appropriate[d] the novelty in the patented device which distinguishes it from the prior art.'" *Id.* (quoting *Lund Indus., Inc. v. GO Indus. Inc.*, 938 F.2d 1273, 1276 (Fed. Cir. 1991)).

[32] *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018) (citing *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004)).

strikingly similar, or (2) that the works are substantially similar and that defendants had access to the subject work."[33] While Lebsock includes what appears to be a copyright registration number in his complaint, he fails to explain what aspects of his registered designs were copied with any specificity. He also presents no more than conclusory allegations that he told "the manufacturers" that they could use his designs if he was fairly compensated, but he presents no facts explaining how, when, and to whom he made this communication and whether the communication included any details about what portions of his designs "the manufacturers" used without his consent. He doesn't provide any comparison of his copyrighted designs and the allegedly infringing Corvettes to allege that his designs and the C8 Corvettes are strikingly or substantially similar. In short, Lebsock doesn't get close to alleging facts sufficient to plead a copyright-infringement claim against GM or Chevrolet.[34]

And in Lebsock's response, he does not attempt to combat any of the arguments the defendants present about the inadequacy of his allegations, instead parroting that "there is nothing wrong with [his] complaint," blaming defendants' lawyers for challenging his barebones allegations, and accusing the court of "be[ing] corrupt and deny[ing] [his] right to a trial."[35] He presents no authority and no argument to support the adequacy of the facts in his complaint. Nor does he indicate that he would or could add additional facts to satisfy the pleading standards for

---

[33] *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019) (cleaned up).

[34] I previously dismissed Lebsock's claims against Chevrolet, explaining that he "must allege facts in his amended complaint that show that Chevrolet is subject to suit under the law." ECF No. 39 at 7. But in Lebsock's second-amended complaint, while he again lists Chevrolet as a defendant, he does not include any facts to support his ability to sue a specific division of GM. Nor does he address this deficiency in his response. Because Lebsock's claim against Chevrolet fails for the same reason that his claim against GM fails, I don't address the defendants' additional argument that Lebsock cannot sue Chevrolet as a separate entity.

[35] ECF No. 56 at 3.

copyright infringement. And Lebsock was previously given specific guidance on the facts that were missing from his deficient complaint, but he was unable or unwilling to include additional facts to cure those deficiencies. Given Lebsock's clear intent to stand on his deficient pleading, I find that granting further leave to amend would be futile and dismiss Lebsock's complaint with prejudice.

**D.  The defendants' motion for attorneys' fees doesn't comply with the local rules.**

In their motion, the defendants also seek attorneys' fees for having to defend this action, arguing that Lebsock has needlessly prolonged this litigation under 28 U.S.C. § 1927.[36] This district's Local Rule 54-14 requires that a "motion for attorney's fees must include," among other things, a "reasonable itemization and description of the work performed," a "brief summary" of the time, labor, novelty, difficulty, and skill required by the work performed, and an attorney affidavit authenticating billing information and confirming that the fees and costs charged are reasonable."[37] The Local Rule states that "[f]ailure to provide" that required information "may be deemed a consent to the denial of the motion."[38] The defendants' motion fails Local Rule 54-14 requirements, so I deem this failure as consent and deny the request for attorneys' fees.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 54] is GRANTED.** Lebsock's second-amended complaint is **DISMISSED** with prejudice and without

---

[36] ECF No. 55 at 13–14.
[37] L.R. 54-14(a)–(b).
[38] L.R. 54-14(c).

8

leave to amend.  **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

IT IS FURTHER ORDERED that the defendants' motion for attorneys' fees **[ECF No. 55] is DENIED** for failure to comply with Local Rule 54-14.

_____
U.S. District Judge Jennifer A. Dorsey
October 26, 2023

9